**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**RANDALL LAMONT ROLLE,**

      **Plaintiff,**

**v.**                                          **CASE NO. 4:06-cv-00408-RH-AK**

**DEPARTMENT OF CORRECTIONS,
et al,**

      **Defendants.**

_____/

**SECOND REPORT AND RECOMMENDATION**

This cause has been remanded to the undersigned for further proceedings. (Doc. 20).  Consistent with the order of remand, the Court has reviewed the merits of the Second Amended Complaint, (doc. 17), and finds that it should be dismissed for failure to state a claim and barred by the doctrine of *res judicata*.

**I.**      **Allegations of the Second Amended Complaint (doc. 17)**

On October 25, 2002, Plaintiff's brother, Ronald Rolle, and another person, Nicole Robinson, allegedly told the police that Plaintiff had shot Ronald Rolle and Ronald Rolle gave consent to the police to search his residence at 1500 Cleveland Street in Tallahassee, Florida.  Plaintiff contends that this residence was leased to both him and  Ronald Rolle, and therefore, Ronald could not give consent to search it. Plaintiff was ultimately arrested in another residence and a warrant was obtained to search that home.  Items were seized from both places and allegedly used at the hearing on Plaintiff's probation violations and at his trial.  He alleges that the searches were illegal and any evidence seized should not have been admissible against him.

Plaintiff is suing a number of courts, agencies and offices, which are not "persons" within the meaning of 42 U.S.C. §1983, and therefore all claims against the First District Court of Appeals, Second Judicial Circuit Court, State Attorney Offices, Office of Attorney General, Department of Corrections, and Law Offices of Frank Sheffield should be dismissed as they are not suable entities.

Plaintiff sues Probation Officers Nicole Raysor and Brian Engles for filing violation of probation charges against him without investigating these charges.

Plaintiff sues Defendant Dandelake and attorney Frank Sheffield, apparently state public defenders, for failing to file a motion to suppress the evidence illegally seized, failing to visit him prior to the hearing on his violation of probation charges, failing to subpoena witnesses, and failing to obtain police reports.  He also claims that he told Dandelake to file an appeal and she did not.

Plaintiff sues Judge Thomas Bateman for appointing Dandelake to defend him, for presiding over a hearing on the probation charges, and for his decisions against Plaintiff.

Plaintiff sues Judge Richard Hood for not investigating his claims that he had alibi witnesses, failing to question each witness, and being impartial towards the prosecution. He also alleges that Judge Hood improperly enhanced his sentence.

Plaintiff sues the prosecuting attorney, John Maceluch, for "misleading conduct" and procuring a false statement from Mike Womble, an investigator of the Tallahassee Police Department.  He also sues state attorney Sherrie Rollinson for her part in opposing his state court appeal.

Plaintiff claims that he has pursued his claims through the state post-conviction

process, particularly his claims of ineffective assistance of counsel against Dandelake and imposition of an unconstitutional sentence against Hood by filing a Rule 3.850 motion, which Judge Bateman denied. Plaintiff sues Judges Ervin, Webster, and Hawkes for upholding Bateman's decision on appeal.

Plaintiff seeks as relief an injunction directing the state court to hold an evidentiary hearing, directing that criminal charges be brought against all the defendants, a declaratory judgment that their acts violated Plaintiff's rights, and compensatory and punitive damages in the amount of $1,000,225.00 each day from October 25, 2002, "against each defendant until case is dismissed."

## II.    Standard of Review

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85

F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  <u>Peterson v. Atlanta Housing Auth.</u>, 998 F.2d 904, 912 (11th Cir. 1993).

## III.    Analysis

Presumably, Plaintiff is still serving the sentence of which he complains and despite his contention (<u>see</u> doc. 18) that these claims are not subject to the <u>Heck</u> bar because he seeks a permanent injunction, the damages claims are clearly barred by <u>Heck</u>.  The injunctive relief sought is also barred because it is more properly asserted in a habeas claim. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (habeas corpus is the "exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.").  The fact that Plaintiff has rephrased the relief sought as an injunction to force the state court to give him another trial or hearing does not change the fact that he is challenging the state court's sentence and requesting another trial that he presumably hopes will result in his release.  Plaintiff presently has two habeas cases pending in this court.  (<u>See</u> Doc. 16 in 4:06cv293-SPM/WCS, awaiting consolidation with habeas petitions in 4:06CV452-SPM/WCS).

A review of other civil rights cases filed by the Plaintiff in this Court reveals that Plaintiff has in fact asserted the claims raised in the present complaint in at least one other federal case, which has resolved, therefore, barring this complaint as *res judicata*.[1]  In Case No. 4:06CV406, Plaintiff raised the same claims against most of the

---

[1]  Plaintiff has an appeal pending in another case, Case No. 4:06CV401, wherein he names different defendants (federal law enforcement officers rather than local

same defendants named in this case.  It was recommended that the case be dismissed

as <u>Heck</u> barred and because it raises claims that are habeas in nature (doc. 19), and

these recommendations have been adopted (doc. 24), and the case dismissed.  (Doc.

25).

"Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a

second suit involving the same parties or their privies based on the same cause of

action."  <u>Sewell</u>, 94 F.3d at 1518 n.3, *citing* <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S.

322, 326 n.5, 99 S. Ct. 645, 649 n.5, 58 L. Ed. 2d 552 (1979).

> If the later litigation arises from the same cause of action, *then the
> judgment bars litigation not only of "every matter which was actually
> offered and received to sustain the demand, but also [of] every [claim]
> which might have been presented.*"  *Baltimore S.S. Co. v. Phillips*, 274
> U.S. 316, 319, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927).

<u>In re Justice Oaks II, Ltd.</u>, 898 F.2d 1544, 1550, n. 3 (11th Cir. 1990), *cert. denied*,

498 U.S. 959 (1990) (emphasis added).

"The principal test for determining whether the causes of action are the same

is whether the primary right and duty are the same in each case.  . . .  In determining

whether the causes of action are the same, the court must compare the substance of

the actions, not their form."  <u>I. A. Durbin, Inc. v. Jefferson National Bank</u>, 793 F.2d

1541, 1549 (11th Cir. 1986).  "Claims are part of the same cause of action when

they arise out of the same transaction or series of transactions."  <u>In re Justice Oaks</u>

---

police), but argues that the items seized in a warrantless search of his home on October
25, 2002, should not be used as evidence against him and seeks as relief an injunction
invalidating the prior state court criminal proceedings.  The complaint was dismissed in
this Court as <u>Heck</u> barred and because it was habeas in nature.  (Doc. 23).  An appeal
is pending.  (Doc. 28).

<u>II, Ltd.</u>, 898 F.2d at 1551.

Plaintiff's claims in the case at bar arise from the searches of his residences and concern the evidence seized from those searches used against him in state court.  The fact that Plaintiff knows that he has raised these issues in other cases in this Court based on the same set of facts asserted herein persuades the undersigned that the present lawsuit is frivolous and that this dismissal should constitute a "strike" within the meaning of 28 U.S.C. §1915 (g).

It is therefore **RECOMMENDED** that Plaintiff's second amended complaint (doc. 17) be summarily **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and constitutes a "strike" within the meaning of 28 U.S.C. §1915(g).

**IN CHAMBERS** at Gainesville, Florida, this __*23rd*__ day of March, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of**

**review of proposed factual findings and recommendations.**